AO 245B(05-MA)        (Rev. 06/05) Judgment in a Criminal Case
                      Sheet 1 - D  Massachusetts - 10/05

# UNITED STATES DISTRICT COURT
District of Massachusetts

UNITED STATES OF AMERICA
V.

**THOMAS C. LITWINSKY**

**JUDGMENT IN A CRIMINAL CASE**

Case Number: **1: 08 CR 10130   - 001 - DPW**

USM Number: 26934-038

John H. Cunha , Jr.

Defendant's Attorney

☑ Additional documents attached
Preliminary Order of Forfeiture

☐

**THE DEFENDANT:**

☑ pleaded guilty to count(s)    1, 2, 3, 4, and 5 of the Indictment on 2/26/09

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

Additional Counts - See continuation page ☐

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 2252(a)(1) | TRANSPORTATION OF CHILD PORNOGRAPHY | 06/09/06 | 1 of 5 |
| 18 USC § 2252(a)(1) | TRANSPORTATION OF CHILD PORNOGRAPHY | 06/16/06 | 2 of 5 |
| 18 USC § 2252(a)(1) | TRANSPORTATION OF CHILD PORNOGRAPHY | 06/16/06 | 3 of 5 |
| 18 USC § 2252(a)(1) | TRANSPORTATION OF CHILD PORNOGRAPHY | 01/20/07 | 4 of 5 |
| 18 USC § 2252(a)(4)(B) | POSSESSION OF CHILD PORNOGRAPHY | 1/07 | 5 of 5 |

The defendant is sentenced as provided in pages 2 through ____10____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.



07/16/09
Date of Imposition of Judgment

Signature of Judge

The Honorable Douglas P. Woodlock

Judge, U.S. District Court

Name and Title of Judge

July 17, 2009
Date

AO 245B(05-MA)    (Rev. 06/05) Judgment in a Criminal Case
                      Sheet 2 - D. Massachusetts - 10/05

| | |
|---|---|
| | Judgment — Page __2__ of __10__ |

DEFENDANT:   **THOMAS C. LITWINSKY**         +
CASE NUMBER: **1: 08  CR  10130  - 001 - DPW**

## IMPRISONMENT

       The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:     **78**    month(s)

EACH COUNT SHALL RUN CONCURRENTLY.
DEFENDANT SHALL RECEIVE CREDIT FOR TIME SERVED.

☑ The court makes the following recommendations to the Bureau of Prisons:

Defendant should be designated to a Medical Center.
Defendant should participate in the 500 hour comprehensive drug treatment program.
Defendant should participate in a mental health treatment program.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a_____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
             DEPUTY UNITED STATES MARSHAL

✎AO 245B(05-MA)     (Rev. 06/05) Judgment in a Criminal Case
Sheet 3 - D. Massachusetts - 10/05

Judgment—Page    3    of    10

DEFENDANT:     **THOMAS C. LITWINSKY**
CASE NUMBER: **1: 08 CR 10130   - 001 - DPW**
                           **SUPERVISED RELEASE**                 ☑ **See continuation page**

Upon release from imprisonment, the defendant shall be on supervised release for a term of :          10    year(s)

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed  104  tests per year, as directed by the probation officer.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☑ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B(05-MA)     (Rev. 06/05) Judgment in a Criminal Case
                   Sheet 4A - Continuation Page - Supervised Release/Probation -10/05

Judgment—Page ___4___ of ___10___

DEFENDANT:     **THOMAS C. LITWINSKY**
CASE NUMBER:  **1: 08 CR 10130  - 001 - DPW**

## ADDITIONAL☑ SUPERVISED RELEASE☐PROBATION TERMS

The defendant is to participate in a program for substance abuse treatment as directed by the United States Probation Office, which program may include testing, not to exceed 104 drug tests per year, to determine whether the defendant has reverted to the use of alcohol or drugs. The defendant shall be required to contribute to the costs of services for such treatment based on the ability to pay or availability of third party payment.

The defendant is to submit to random drug testing, not to exceed 104 drug tests per year, to determine whether the defendant has reverted to the use of alcohol or drugs.

The defendant is to participate in a mental health treatment program as directed by the Probation Office. The defendant shall be required to contribute to the costs of services for such treatment based on the ability to pay or availability of third-party payment.

The defendant is to participate in a sex offender specific treatment program which may include sex offender specific testing at the direction of the Probation Office. The defendant shall be required to contribute to the costs of services for such treatment based on the ability to pay or availability of third-party payment.

## Continuation of Conditions of ☑ Supervised Release ☐ Probation

The defendant shall be required to submit to periodic polygraph testing as a means to insure that he is in compliance with the requirements of his therapeutic program. No violation proceedings will arise based solely on a defendant's failure to "pass" the polygraph. Such an event could, however, generate a separate investigation. When submitting to a polygraph exam, the defendant does not waive his Fifth Amendment rights, and the defendant's exercise of his Fifth Amendment rights will not give rise to violation proceedings. The defendant shall be required to contribute to the costs of testing based on the ability to pay or availability of third-party payment.

The defendant shall allow the U.S. Probation Office to install software (IPPC) designed to monitor computer activities on any computer the defendant is authorized to use. This may include, but is not limited to, software that may record any and all activity on the computers the defendant may use, including the capture of keystrokes, application information, internet use history, email correspondence, and chat conversations. The defendant will pay any costs related to the monitoring of his/her computer usage.

The defendant is prohibited from engaging in an occupation, business, or profession that would require or enable him her to have direct or indirect supervision of children under the age of 18 and is not to have unsupervised contact with anyone under the age of 18.

The defendant is prohibited from possessing a computer and/or related materials except as deemed necessary for work purposes.

The defendant shall report his address, and any subsequent address changes, to the Probation Office.

℁AO 245B(05-MA)  (Rev 06/05) Judgment in a Criminal Case
Sheet 5 - D. Massachusetts - 10/05

Judgment — Page __5__ of __10__

DEFENDANT: **THOMAS C. LITWINSKY**
CASE NUMBER: **1: 08 CR 10130  - 001 - DPW**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 500.00 | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

☑ See Continuation Page

| **TOTALS** | $ _____ $0.00 | $ _____ $0.00 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the  ☐ fine  ☐ restitution.

☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B(05-MA)  (Rev. 06/05) Judgment in a Criminal Case
Sheet 6 - D. Massachusetts - 10/05

Judgment — Page __6__ of __10__

DEFENDANT:  **THOMAS C. LITWINSKY**
CASE NUMBER: **1: 08 CR 10130  - 001 - DPW**

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A ☐ Lump sum payment of $ _____ due immediately, balance due

☐ not later than _____ , or
☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☒ Special instructions regarding the payment of criminal monetary penalties:

DEFENDANT SHALL PAY THE SPECIAL ASSESSMENT OF $500.00, IMMEDIATELY OR ACCORDING TO A PAYMENT PLAN ESTABLISHED BY THE COURT IN CONSULTATION WITH THE PROBATION OFFICER, IF NOT PAID IN FULL BEFORE RELEASE FROM PRISON THROUGH A BUREAU OF PRISONS FINANCIAL RESPONSIBILITY PROGRAM.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

☐ See Continuation Page

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT: **THOMAS C. LITWINSKY**
CASE NUMBER: **1: 08 CR 10130 - 001 - DPW**
DISTRICT: **MASSACHUSETTS**

# STATEMENT OF REASONS

## I COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT

A ☐ **The court adopts the presentence investigation report without change.**

B ☑ **The court adopts the presentence investigation report with the following changes.**
(Check all that apply and specify court determination, findings, or comments, referencing paragraph numbers in the presentence report, if applicable )
(Use Section VIII if necessary )

1 ☑ **Chapter Two of the U.S.S.G. Manual** determinations by court (including changes to base offense level, or specific offense characteristics).

Court does not adopt 5 level increase per 2G2.2(b)(3)(B), rather it apllied per 2G2.2(b)(3)(F).

2 ☐ **Chapter Three of the U.S.S.G. Manual** determinations by court (including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility)·

3 ☐ **Chapter Four of the U.S.S.G. Manual** determinations by court (including changes to criminal history category or scores, career offender, or criminal livelihood determinations):

4 ☐ **Additional Comments or Findings** (including comments or factual findings concerning certain information in the presentence report that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions):

C ☐ **The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P. 32.**

## II COURT FINDING ON MANDATORY MINIMUM SENTENCE (Check all that apply.)

A ☐ No count of conviction carries a mandatory minimum sentence

B ☑ Mandatory minimum sentence imposed

C ☐ One or more counts of conviction alleged in the indictment carry a mandatory minimum term of imprisonment, but the sentence imposed is below a mandatory minimum term because the court has determined that the mandatory minimum does not apply based on

- ☐ findings of fact in this case
- ☐ substantial assistance (18 U.S.C § 3553(e))
- ☐ the statutory safety valve (18 U S.C § 3553(f))

## III COURT DETERMINATION OF ADVISORY GUIDELINE RANGE (BEFORE DEPARTURES):

Total Offense Level: 28
Criminal History Category: III
Imprisonment Range: 97 to 121 months
Supervised Release Range: 5 to life. ~~years~~
Fine Range: $ 12,500 to $ 125,000
☑ Fine waived or below the guideline range because of inability to pay.

Judgment — Page  8  of  10

DEFENDANT:  **THOMAS C. LITWINSKY**  ⊞
CASE NUMBER: **1: 08 CR 10130  - 001 - DPW**
DISTRICT:  **MASSACHUSETTS**

## STATEMENT OF REASONS

**IV**  **ADVISORY GUIDELINE SENTENCING DETERMINATION** (Check only one.)

A ☐  The sentence is within an advisory guideline range that is not greater than 24 months, and the court finds no reason to depart.

B ☐  The sentence is within an advisory guideline range that is greater than 24 months, and the specific sentence is imposed for these reasons. (Use Section VIII if necessary.)

C ☑  The court departs from the advisory guideline range for reasons authorized by the sentencing guidelines manual. (Also complete Section V.)

D ☐  The court imposed a sentence outside the advisory sentencing guideline system. (Also complete Section VI.)

**V**  **DEPARTURES AUTHORIZED BY THE ADVISORY SENTENCING GUIDELINES** (If applicable.)

A  **The sentence imposed departs** (Check only one.):
☑  below the advisory guideline range
☐  above the advisory guideline range

B  **Departure based on** (Check all that apply.):

1  **Plea Agreement** (Check all that apply and check reason(s) below.):
☐  5K1.1 plea agreement based on the defendant's substantial assistance
☐  5K3.1 plea agreement based on Early Disposition or "Fast-track" Program
☐  binding plea agreement for departure accepted by the court
☑  plea agreement for departure, which the court finds to be reasonable
☐  plea agreement that states that the government will not oppose a defense departure motion.

2  **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
☐  5K1.1 government motion based on the defendant's substantial assistance
☐  5K3.1 government motion based on Early Disposition or "Fast-track" program
☐  government motion for departure
☐  defense motion for departure to which the government did not object
☐  defense motion for departure to which the government objected

3  **Other**
☑  Other than a plea agreement or motion by the parties for departure (Check reason(s) below.):

C  **Reason(s) for Departure** (Check all that apply other than 5K1.1 or 5K3.1.)

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| ☑ | 4A1.3 | Criminal History Inadequacy | ☐ | 5K2.1 | Death | ☐ | 5K2.11 | Lesser Harm |
| ☐ | 5H1.1 | Age | ☐ | 5K2.2 | Physical Injury | ☐ | 5K2.12 | Coercion and Duress |
| ☐ | 5H1.2 | Education and Vocational Skills | ☐ | 5K2.3 | Extreme Psychological Injury | ☐ | 5K2.13 | Diminished Capacity |
| ☐ | 5H1.3 | Mental and Emotional Condition | ☐ | 5K2.4 | Abduction or Unlawful Restraint | ☐ | 5K2.14 | Public Welfare |
| ☑ | 5H1.4 | Physical Condition | ☐ | 5K2.5 | Property Damage or Loss | ☐ | 5K2.16 | Voluntary Disclosure of Offense |
| ☐ | 5H1.5 | Employment Record | ☐ | 5K2.6 | Weapon or Dangerous Weapon | ☐ | 5K2.17 | High-Capacity, Semiautomatic Weapon |
| ☐ | 5H1.6 | Family Ties and Responsibilities | ☐ | 5K2.7 | Disruption of Government Function | ☐ | 5K2.18 | Violent Street Gang |
| ☑ | 5H1.11 | Military Record, Charitable Service, Good Works | ☐ | 5K2.8 | Extreme Conduct | ☐ | 5K2.20 | Aberrant Behavior |
| | | | ☐ | 5K2.9 | Criminal Purpose | ☐ | 5K2.21 | Dismissed and Uncharged Conduct |
| ☐ | 5K2.0 | Aggravating or Mitigating Circumstances | ☐ | 5K2.10 | Victim's Conduct | ☐ | 5K2.22 | Age or Health of Sex Offenders |
| | | | | | | ☐ | 5K2.23 | Discharged Terms of Imprisonment |
| | | | | | | ☐ | | Other guideline basis (e g., 2B1.1 commentary) |

D  **Explain the facts justifying the departure.** (Use Section VIII if necessary.)

AO 245B ( 05-MA)   (Rev 06/05) Criminal Judgment
Attachment (Page 3) — Statement of Reasons - D. Massachusetts 10/05

DEFENDANT:  **THOMAS C. LITWINSKY**                    Judgment — Page  9  of   10
CASE NUMBER: **1: 08 CR 10130   - 001 - DPW**
DISTRICT:       **MASSACHUSETTS**

## STATEMENT OF REASONS

VI   **COURT DETERMINATION FOR SENTENCE OUTSIDE THE ADVISORY GUIDELINE SYSTEM**
     (Check all that apply.)

A    **The sentence imposed is** (Check only one.):
     ☐ below the advisory guideline range
     ☐ above the advisory guideline range

B    **Sentence imposed pursuant to** (Check all that apply.):

     1   **Plea Agreement** (Check all that apply and check reason(s) below.):
         ☐ binding plea agreement for a sentence outside the advisory guideline system accepted by the court
         ☐ plea agreement for a sentence outside the advisory guideline system, which the court finds to be reasonable
         ☐ plea agreement that states that the government will not oppose a defense motion to the court to sentence outside the advisory guideline
             system

     2   **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
         ☐ government motion for a sentence outside of the advisory guideline system
         ☐ defense motion for a sentence outside of the advisory guideline system to which the government did not object
         ☐ defense motion for a sentence outside of the advisory guideline system to which the government objected

     3   **Other**
         ☐ Other than a plea agreement or motion by the parties for a sentence outside of the advisory guideline system (Check reason(s) below )

C    **Reason(s) for Sentence Outside the Advisory Guideline System** (Check all that apply.)

     ☐ the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U S C § 3553(a)(1)
     ☐ to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U S C § 3553(a)(2)(A))
     ☐ to afford adequate deterrence to criminal conduct (18 U.S.C § 3553(a)(2)(B))
     ☐ to protect the public from further crimes of the defendant (18 U.S.C. § 3553(a)(2)(C))
     ☐ to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner
         (18 U.S.C § 3553(a)(2)(D))
     ☐ to avoid unwarranted sentencing disparities among defendants (18 U S C § 3553(a)(6))
     ☐ to provide restitution to any victims of the offense (18 U S.C. § 3553(a)(7))

D    **Explain the facts justifying a sentence outside the advisory guideline system.** (UseSection VIII if necessary.)

AO 245B ( 05-MA) (Rev. 06/05) Criminal Judgment
Attachment (Page 4) — Statement of Reasons - D. Massachusetts - 10/05

DEFENDANT: **THOMAS C. LITWINSKY**                     Judgment — Page 10 of 10
CASE NUMBER: **1: 08 CR 10130   - 001 - DPW**
DISTRICT: **MASSACHUSETTS**

# STATEMENT OF REASONS

## VII  COURT DETERMINATIONS OF RESTITUTION

A  ☑  Restitution Not Applicable.

B  Total Amount of Restitution: _____

C  Restitution not ordered (Check only one.):

   1  ☐  For offenses for which restitution is otherwise mandatory under 18 U S C § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).

   2  ☐  For offenses for which restitution is otherwise mandatory under 18 U S C § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U S.C. § 3663A(c)(3)(B).

   3  ☐  For other offenses for which restitution is authorized under 18 U.S.C § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under 18 U S.C § 3663(a)(1)(B)(ii)

   4  ☐  Restitution is not ordered for other reasons. (Explain )

D  ☐  Partial restitution is ordered for these reasons (18 U.S.C. § 3553(c)):

## VIII  ADDITIONAL FACTS JUSTIFYING THE SENTENCE IN THIS CASE (If applicable.)

Sections I, II, III, IV, and VII of the Statement of Reasons form must be completed in all felony cases.

Defendant's Soc. Sec. No.:   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

Defendant's Date of Birth:   xx/xx/1951

Defendant's Residence Address:  Billerica, MA

Defendant's Mailing Address:      UNK

Date of Imposition of Judgment
07/16/09

Signature of Judge
The Honorable Douglas P. Woodlock      Judge, U.S. District Court
Name and Title of Judge
Date Signed   July 17, 2009

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA       )
                               )
                               ) Criminal No. 08-10130-DPW
           v.                  )
                               )
THOMAS C. LITWINSKY,           )
           Defendant.          )
```

### PRELIMINARY ORDER OF FORFEITURE

**WOODLOCK, D.J.**

WHEREAS, on May 21, 2008, a federal grand jury sitting in
the District of Massachusetts returned a five-count Indictment
charging defendant Thomas Litwinsky(the "Defendant") with
Transportation of Child Pornography (Counts One through Four)and
Possession of Child Pornography in violation of 18 U.S.C. §
2252(a)(4)(b)(Count Five);

WHEREAS, the Indictment also sought the forfeiture, as a
result of committing the offenses alleged in Counts One through
Five of the Indictment, of any and all matter which contains
visual depictions produced, transported, shipped, received or
possessed in violation of Title 18, United States Code, Section
2252; any property constituting or derived from any proceeds the
Defendant obtained directly or indirectly as a result of the said
violations; and any and all property used or intended to be used
in any manner or part to commit and to promote the commission of
the aforementioned violations, pursuant to 18 U.S.C. § 2253, and
such property included, but was not limited to, items found in

1

the possession of the Defendant on or about March 16, 2007;

WHEREAS, the forfeiture allegation also provided that if the above-mentioned property, as a result of any act or omission of the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c)has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be subdivided without difficulty, it was the intention of the United States, pursuant to 18 U.S.C. § 2253 (o), to seek forfeiture of any other property of the Defendant up to the value of the property above;

WHEREAS, on or about March 16, 2007 officers seized from the Defendant: (a) one Hewlett Packard Pavilion Computer, Model a736n, Serial Number MKX3251G6Q, and (b) one AlienWare Computer, Serial Number PC-331426A, collectively (the "Property");

WHEREAS, on February 26, 2009, the Defendant pled guilty to Counts One through Five of the Indictment pursuant to a written plea agreement; and

WHEREAS, in Section Eight of the plea agreement, the Defendant admitted that the Property is subject to forfeiture because it is property used, or intended to be used, to commit the crimes charged in Counts One through Five of the Indictment, and the Defendant therefore consented to the forfeiture of all of

2

his interest in the Property.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, and based upon the Defendant's guilty plea and his admissions in the plea agreement, that the government has established the requisite nexus between the Property and the offenses to which the Defendant pled guilty. Accordingly, the Property is hereby forfeited to the United States of America for disposition pursuant to 18 U.S.C. § 2253.

2. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Marshals Service is hereby authorized to seize the Property and maintain it in its secure custody and control.

3. Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), the United States shall publish, for thirty (30) consecutive calendar days, notice of this Order and of the United States' intent to dispose of the Property in such manner as the Attorney General may direct on the government website www.forfeiture.gov.

4. Pursuant to 18 U.S.C. § 2253, the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Property to be forfeited.

3

5.    Pursuant to 21 U.S.C. § 853(n)(2) and (3), as incorporated by 18 U.S.C. § 982(b), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Property, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Property; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Property, any additional facts supporting the petitioner's claim, and the relief sought.

6.    Pursuant to 18 U.S.C. § 2253, following the Court's disposition of all such petitions, or if no such petitions are filed following the expiration of the period provided in 18 U.S.C. § 2253 for the filing of such petitions, the United States of America shall have clear title to the Property. At that time, the Court shall enter a Final Order of Forfeiture addressing all alleged interests in the Property.

4

7.    Pursuant to Rule 32.2(b)(3) of the Federal Rules of
Criminal Procedure, this Preliminary Order of Forfeiture will
become final as to the Defendant at the time of his sentencing,
will be part of the Defendant's criminal sentence, and will be
included in the criminal judgment entered by this Court against
him.

DOUGLAS P. WOODLOCK
United States District Judge

Date: July 17, 2009



5